IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVYN BRIAN MASSIE, SR.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  23-2352 |
| | : | |
| **BRANDYN CALIEB MASSIE, STEVYN** | : | |
| **BRIAN MASSIE, JR., JANIS** | : | |
| **BENSTOCK, WORLD WIDE LAND** | : | |
| **TRANSFER, INC, SHANNA WHEELER** | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                                                    **June 27, 2023**

Plaintiff Stevyn Brian Massie, Sr., initiated this civil action by filing a *pro se* Complaint naming as Defendants Brandyn Calieb Massie, Stevyn Brian Massie, Jr., Janis Benstock, World Wide Land Transfer, Inc., and Shanna Wheeler.  Mr. Massie's Complaint raises claims pertaining to the sale of real property.  He seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mr. Massie leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction.

**I.**       **FACTUAL ALLEGATIONS**

The allegations in the Complaint are brief and concern real property located at 830 E. Woodlawn Avenue in Philadelphia, Pennsylvania.  (*See* Compl. at 4.)[1]  Mr. Massie alleges that on December 2, 2022, Defendant Brandyn Massie "managed to remove my name etc. from the deed/documents and apply his name and took possession of said property . . . and sell the property with[out] my knowledge and retained all of the proceeds, approximately $175,000.00 USD."  (*Id.*)  Mr. Massie seeks as relief to "prosecute all parties involved" and to "reclaim my monetary compensation."  (*Id.* at 5.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

II.     **STANDARD OF REVIEW**

Because Mr. Massie appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

III.    **DISCUSSION**

Mr. Massie used a preprinted form to file his pleading. In the section of the form that asks for a statement of the basis of the Court's subject matter jurisdiction, Mr. Massie failed to

check the box for either federal question jurisdiction or diversity jurisdiction. Even liberally construing the allegations of the Complaint, the Court can discern no plausible basis for a claim based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. The only plausible claims that this Court can discern are tort claims under state law. However, there is no basis for the Court's independent jurisdiction over those claims.

The Court cannot exercise diversity jurisdiction over the claims under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Diversity is determined at the time the complaint is filed. *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.4 (3d Cir. 2008). As stated, it is the plaintiff's burden to establish diversity of citizenship. *See Lincoln Ben. Life Co.*, 800 F.3d at 105; *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Here, diversity jurisdiction is lacking based on the face of the Complaint. In the portion of the preprinted form that asks the plaintiff to list the citizenship of the defendants, Mr. Massie indicates only that the Defendants are citizens of the United States. (*See* Compl. at 4.) Elsewhere, Mr. Massie provides a Pennsylvania address for himself and each of the five Defendants. (*See id.* at 2-3.) He pleads no facts that would suggest there is a diversity of citizenship between the parties to support an assertion of this court's jurisdiction under 28 U.S.C. § 1332. Accordingly, Mr. Massie has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Massie leave to proceed *in forma pauperis* and dismiss his Complaint. Under the circumstances, Mr. Massie will not be given leave to amend because it appears that amendment of the jurisdictional allegations would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Mr. Massie's claims will be dismissed without prejudice so that Mr. Massie may reassert them in an appropriate state court if he chooses to do so.[2]

An appropriate Order follows.[3]

---

[2] The Court expresses no opinion on the merits of any such claims.

[3] Because the Court dismisses this case for want of subject matter jurisdiction, the Order will deny Mr. Massie's Motion for Appointment of Counsel (ECF No. 3). *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993); *Muchler v. Greenwald*, 624 F. App'x 794, 799 (3d Cir. 2015) (*per curiam*); *Mosley v. Jensen Bagnato, P.C.*, No. 23-562, 2023 WL 2652239, at *1 (E.D. Pa. Mar. 27, 2023).